UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RHODA URETSKY,

                Plaintiffs,

                                        MEMORANDUM AND ORDER
      -against-                       CV-07-4688 (DLI)

ACME AMERICAN REPAIRS,

                Defendants.
----------------------------------------------------------X
GOLD, S., U.S.M.J.:

      Pending before me is an application for attorney's fees and expenses relating to a pre-trial conference held on December 22, 2010. The conference was held in two related diversity actions involving a dispute over the sale of real property in which Acme American Repairs (Acme) and Rhoda Uretsky are parties. *Uretsky v. Acme American Repairs, Inc.*, No. 07-CV-4688 (E.D.N.Y filed Nov. 8, 2007); *Acme American Repairs, Inc. v. Uretsky*, No. 07-CV-5181 (E.D.N.Y. filed Dec. 12, 2007).

      On December 2, 2010, I issued an order scheduling an in-person conference and directing Ms. Uretsky and Acme's two principles to appear. No. 07-CV-5181, Order dated Dec. 2, 2010. The purpose of the conference was to discuss, among other things, settlement of the dispute. My order specifically alerted the parties that "[f]ailure of a principal to be present will result in the imposition of sanctions which will include, at a minimum, an award to the adverse party of attorney's fees and costs incurred by the principal for attending the conference." *Id.* One of Acme's principles failed to appear, undermining the purpose of the conference and the orderly progress of the case. *See id.*, Minute Entry dated Dec., 28, 2010. As a result, I stated that the

1

Court would award Uretsky reasonable attorney's fees and expenses relating to the conference. *Id.* Pursuant to my order, Uretsky filed the instant application. No. 07-CV-4688, Docket Entry 26.

DISCUSSION

Federal Rule 16(f) authorizes a court to order one party to pay its adversary's reasonable attorney's fees and expenses incurred as a result of the former's "fail[ure] to obey a scheduling or pretrial order." FED. R. CIV. P. 16(f). *See Yannitelli v. Navieras De Puerto Rico*, 106 F.R.D. 42, 44-45 (S.D.N.Y. 1985). While the rule permits fee shifting, it "does not create an entitlement to full compensation." *Kiser v. Boeing Co.*, 163 F.R.D. 13, 15 (D. Kan. 1995). Rather, any fees awarded must be related to the expenses incurred as a result of the sanctioned misconduct. *Comcoa, Inc. v. NEC Tels., Inc.*, 931 F.2d 655, 666-67 (10th Cir. 1991); *see also Stillman v. Edmund Scientific Co.*, 522 F.2d 798, 801 (4th Cir. 1975). Further, the sanction should be no more severe than is necessary to deter the party against whom it is imposed. *Lediju v. New York City Dep't of Sanitation*, 173 F.R.D. 105, 111-12 (S.D.N.Y. 1997); *Kiser*, 163 F.R.D. at 15.

In this case, the failure of one of Acme's principles to attend the conference violated a clearly noticed order of this court. The order was explicit and unambiguous and Acme has offered no justification for its violation. Accordingly, an order directing Acme to pay Uretsky's expenses, including reasonable attorney's fees, relating to the conference is warranted.

   *i.*   *Attorney's Fees*

In the Second Circuit, courts determine a "presumptively reasonable fee" award by calculating the product of the hours reasonably expended and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008).

A reasonable rate should be calculated by considering what a reasonable, paying client would be willing to pay, taking into account, among other things, the complexity and difficulty involved in the case and the resources required to prosecute the case effectively. *Id.* "The party seeking reimbursement bears the burden of proving the reasonableness of the hours spent and rates charged." *Burgie v. Euro Brokers, Inc.*, 2006 WL 845400, at *18 (E.D.N.Y. Mar. 30, 2006). To that end, the fee applicant must submit contemporaneous time records documenting the hours expended by each attorney and the nature of the work performed. *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). In addition, the fee applicant must provide sufficient evidence to show that the hourly rates sought are in line with the prevailing rates of the community for similar services by lawyers of comparable skill and experience. *Margel v. E.G.L. Gem Lab Ltd.*, 2009 WL 302069, at *4 (S.D.N.Y. Feb. 6, 2009); *Burgie*, 2006 WL 845400, at *18.

Uretsky seeks $15,314 in attorney's fees. Docket Entry 26 at 2. Acme objects on the grounds that Uretsky's application includes charges that are both duplicative and unrelated to the conference and fails to adequately justify its billing rates.

I find Acme's objections persuasive for several reasons. First, with respect to the rates charged, Uretsky has failed to provide information regarding the experience of the attorneys involved in preparing for the conference or the prevailing rates in the community for similar work. Three attorneys billed hours for this conference: Bryan Kishner, Ryan Miller, and Stephanie Pace. While I am able to calculate the applicable rates for each of the three attorneys—$400 per hour, $350 per hour, and $200 per hour respectively—without information detailing their experience, I am unable to determine whether these rates are reasonable. This

merits a reduction. *See Burgie*, 2006 WL 845400, at *18 (reducing an attorney's hourly rate where the attorney failed "to provide details regarding the length or breadth of her experience").

I also find the number of hours billed for the conference unreasonable. Uretsky's application includes charges from three attorneys for a total of 39.55 hours, exclusive of time spent preparing the fee application. These hours are sought in connection with what would have been, at most, a three hour conference. While the issues to be discussed were somewhat complex, a reasonable paying client would not expect to be billed for what amounts to the work of three attorneys, charging more than twelve hours of preparation for every hour in court. Given the number of hours sought, a reduction in fees is warranted. *See Cho v. Koam Medical Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (holding that a court should "exclude hours that were excessive, redundant, or otherwise unnecessary to the litigation") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)) (alterations omitted).

These issues are compounded by the fact that the bulk of the hours sought were billed by Mr. Kishner at partner level rates. Mr. Kishner billed 25.75 of the 39.55 hours, or more than 65% of the total hours billed, at the rate of $400 per hour. Courts have held that a disproportionate ratio of partner to associate time merits a reduction in fees. *See e.g.*, *Kronfeld v. Transworld Airlines, Inc.*, 129 F.R.D. 598, 602 (S.D.N.Y. 1990) (reducing fees where partners "perform[ed] duties that could as readily be performed by associates"); *Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.*, 480 F. Supp. 1195, 1197 (S.D.N.Y. 1979) (same).

Finally, counsel's records indicate that much of the time at issue was spent on legal research. *See e.g.*, Docket Entry 26 at 3 (entries for Bryan Kishner on 12/21/10). This time was not rendered useless by the failure of Acme's principle to appear. Presumably, the research

4

Urestky's attorneys performed will prove to be of value as Uretsky's case proceeds.

In light of the foregoing considerations I find that a forty-five percent reduction in fees is warranted. *See Carey*, 711 F.2d at 1146 (endorsing across the board "percentage cuts as a practical means of trimming fat from a fee application"). Accordingly, after applying the deduction, Urestky is entitled to $8,422.70 in attorney's fees.

    *ii.    Expenses*

In addition to paying Uretsky's attorney's fees, I ordered Acme to reimburse Uretsky for her costs in attending the conference. Uretsky seeks $1,673.19 and has submitted documentation detailing the expenses in her application. I have reviewed Uretsky's supporting documentation and I find the amounts sought reasonable. Moreover, Acme does not object to these expenses. Accordingly, I award them in total.

## CONCLUSION

For all these reasons, Acme is ordered to pay Uretsky's attorney's fees and costs relating to the December 22, 2010 conference in the amount of $10,095.89.

                                    **SO ORDERED.**

                                    /s/
                          STEVEN M. GOLD
                          United States Magistrate Judge

Brooklyn, New York
March 28, 2011

*U:\BW 2010\Uretsky\Uretsky - Attorney's Fees - Final.doc*